# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| PEARL BEALE, Personal Representative </br>Of the Estate of Givon Pendleton, and </br>Legal Representative of Givon Pendleton, *et al.*, </br></br>    Plaintiffs, </br>v. </br></br>THE DISTRICT OF COLUMBIA, *et al.*, </br></br>    Defendants. | ) </br>) </br>) </br>) </br>) </br>) Civil Action No. 04-959 (RMU) </br>) </br>) </br>) </br>) |

## PROTECTIVE ORDER

Under Fed. R. Civ. P. 26(c), the parties move for entry of a protective order to govern the photographs supplied plaintiffs in connection with the July 13, 2007, inspection visit to the D.C. Detention Facility related to this litigation. Upon consideration of the parties' consent to the terms and conditions of the protective order as set forth below,

It is hereby ORDERED on this ___ day of October, 2007, that:

1. Any photographs[1] made available by the District of Columbia (collectively "Confidential Photographs") obtained as a result of the inspection of the D.C. Detention Facility that was conducted on July 13, 2007, are deemed as confidential, and their use and disclosure shall be limited to the terms of this agreement.

2. Plaintiffs shall not use the Confidential Photographs except in connection with this litigation and shall not disclose such photographs to any person except as provided in Paragraph 3.

---

[1] Defendants have not yet produced to plaintiffs any photographs related to this inspection.

2.      Inspection and review of the Confidential Photographs shall be limited to plaintiffs, counsel for plaintiffs, consultants or experts retained by plaintiffs to assist in the preparation of this case for trial. Non-parties, including witnesses, shall be provided a copy of the Confidential Photographs only after they agree to the terms set forth in the parties' protective order, and only on a need to know basis. In no instance shall the photographs be disseminated to any news organization, print media or other forms communication or otherwise made available for wide publication or dissemination.

3.      Nothing in this Order shall preclude any party from submitting Confidential Photographs to the court as exhibits to any filing under seal.

4.      No part or parts of the restrictions imposed by Paragraphs 1 through 3 above may be terminated except by a written agreement by the parties hereto or by an order of this Court.

5.      After the final termination of these proceedings, the provisions hereof relating to the use of Confidential Photographs shall continue to be binding upon all persons entitled to access under the terms of Paragraph 3 of this Protective Order.

8.      Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose or demand production of any information or photographs on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, and work product of counsel.

9.      Within forty-five (45) days of the final resolution of this action, including any appeal therefrom, the parties, their counsel and other persons subject to the terms hereof shall be under an obligation either to (1) assemble and return to the producing party all photographs marked as Confidential Photographs or (2) destroy all photographs

marked as Confidential Photographs. In the event the parties decides to destroy all material and photographs marked as Confidential, written notification must be provided to the producing party of the decision to destroy the photographs and the date of destruction.

10. Notwithstanding the foregoing requirements, counsel will not be required to retain or destroy any pleadings or exhibits to pleadings, both of which may be retained for archival purposes.

11. Inadvertent failure to mark a photograph Confidential does not waive the producing party's right to assert the confidentiality of the produced photographs. The burden of proof with respect to the propriety or correctness in the designation of photographs or photographs as Confidential will rest on the producing party.

12. Any party filing a document with the Court under seal that contains such Confidential Photographs shall simultaneously file a version not under seal and available to the public in which the material designated as "Confidential" shall be redacted.

Respectfully submitted,

| | |
|---|---|
| /s/ Linda Singer | /s/ Edward M. Mathias |
| LINDA SINGER | Edward H. Rippey (DC Bar No. 450462) |
| Attorney General for the District of Columbia | Timothy L. Jucovy (DC Bar No. 481470) |
| | Edward M. Mathias DC Bar No. 479264) |
| GEORGE C. VALENTINE | COVINGTON & BURLING LLP |
| Deputy Attorney General, D.C. | 1201 Pennsylvania Ave., N.W. |
| Civil Litigation Division | Washington, D.C.  20004 |
| | Phone: 202-662-6000 |
| /s/ Phillip Lattimore, III | Fax:    202-662-6291 |
| PHILLIP LATTIMORE, III | |
| Civil Litigation Division | Douglas R. Sparks (DC Bar No. 296921) |
| Chief, General Litigation Section III | SPARKS & SIBLER, LLP |
| | 3221 M Street, NW |
| | Washington, D.C.  20007 |
| /s/ George E. Rickman | Phone: (202) 338-0687 |
| GEORGE E. RICKMAN #433298 | Fax:    (202) 797-0468 |
| Assistant Attorney General | |
| General Litigation Section III | Philip Fornaci (DC Bar No. 434824) |
| 441 – 4th Street, N.W. | Ivy Lange (DC Bar No. 488147) |
| 6th Floor North | DC PRISONERS' PROJECT |
| Washington, D.C. 20001 | Washington Lawyers' Committee for |
| Phone: (202) 442-9840 | Civil Rights and Urban Affairs |
| Fax:    (202) 727-3625 | 11 Dupont Circle, NW, Suite 400 |
| | Washington, DC 20036 |
| *Counsel for Defendants* | Phone:  (202) 319-1000 |
| | Fax:  (202) 319-1010 |
| | *Counsel for Plaintiffs* |

 

 

_____
Ricardo M. Urbina
United States District Judge