UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                                          )
PEARL BEALE, *et al.*,                            )
                         Plaintiffs,              )
                                                          )          Civil Action No. 04-959 (RMU/AK)
            v.                                        )
                                                          )
THE DISTRICT OF COLUMBIA, *et al.*,       )
                         Defendants.              )
_____)

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion to Reopen Discovery and Schedule

Dispositive Motion Deadline ("Motion") [92] and Plaintiffs' opposition thereto ("Opposition")

[93].  Defendants move to reopen discovery to allow them to late file their expert reports; take

the deposition of Plaintiffs' experts and any remaining necessary fact witnesses, including

Melvin Reese and Plaintiff Bradley Autmon.[1]  Defendants further move this Court to set a

schedule for filing dispositive motions.[2]

Pursuant to Fed. R. Civ. P. 6(b), the Court may, for good cause, extend the time in which

an act may be done on the basis of a motion made after the time for doing such act has expired, if

the party failed to act because of excusable neglect.  *See* Fed.R.Civ.P. 6(b) (amended December

1, 2007).  In the instant case, until November of 2007, the Defendants were represented by an

attorney from the Office of the Attorney General for the District of Columbia who had primary

_____

[1]Defendants' expert reports were due on November 5, 2007.  Discovery in this matter closed
on November 19, 2007. The parties have not deposed any experts. Plaintiffs have designated five
experts and Defendants intend to designate four experts.  (Motion at 2.)

[2]No pre-trial or trial date has been set in this case.

responsibility for this case.[3]  That attorney is currently on administrative leave and in November,

2007, he withdrew as counsel of record.[4]  The case is now assigned to three counsel who recently

entered their appearances with the Court, two counsel from the Office of the Attorney General

for the District of Columbia ("Office") and one Special Assistant, who is working *pro bono* with

the Office on a part-time, six-month term basis. Defendants represent to the Court that:

> new counsels need additional time to familiarize themselves with the trial record,
> including but not limited to the facts and issues set forth in plaintiffs' Amended
> Complaint, the arguments made in various motions that have been filed to date, to review
> the 15,000 plus documents produced in discovery, and to complete any outstanding
> discovery, including the deposition of plaintiff Autmon.

(Motion at 3.)

Defendants assert that "[their] failure to move more timely to enlarge discovery before the

discovery close date was due to excusable neglect [; i.e,] [b]ecause of personnel changes and the

shortage of staff attorneys [due to] attrition, reassignment of this case could not be more timely

made."  (Motion at 4.)   Plaintiffs oppose any reopening of discovery in this matter and challenge

Defendants' showings of good cause and excusable neglect.[5]  While the Court is sympathetic to

Plaintiffs' position in this matter, particularly in light of the history of delays in this case, the

Court must consider the circumstances and timing of prior counsel's withdrawal of his

_____

[3]During the time this Court has been charged with handling discovery disputes in this matter, only this counsel has appeared on behalf of Defendants.

[4]Defendants indicate that "[c]ontrary to plaintiffs' speculation and arguments made during the parties' telephone conference with [the Court] on November 29, 2007, assignment of new counsel in this case was not a tactical decision or based on strategy to delay the trial in this matter." (Motion at 3, n.5.)

[5]Plaintiffs note that: [s]hould the Court reopen discovery in this way, Plaintiffs will provide a list of outstanding items to Defendants."  (Opposition at 7, n.10.).

appearance and the efforts being made by the Office to staff this case with three attorneys who

are diligently working to familiarize themselves with this litigation. The Court takes further note

of the timing of Defendants' request to reopen discovery, which occurred shortly after the

November 19, 2007 close of discovery and prior to any expert depositions being taken,

dispositive motions being filed or the setting of a trial date by the trial court.  The Court finds

that a brief reopening of discovery will not unduly prejudice the Plaintiffs.  Accordingly, it is this

12th day of December, 2007,

ORDERED that Defendants' Motion to Reopen Discovery and Schedule Dispositive

Motion Deadline [92] be and hereby is granted in part and denied in part.  Discovery is reopened

and the following schedule shall apply:

Defendants' Expert Reports Due (including any supplements)          December 30, 2007

Close of ALL Discovery (Fact and Expert)                                          February 20, 2008

Deadline for Filing Dispositive Motions, if any                                    March 5, 2008

Oppositions and Replies are due pursuant to the time frame set forth in Local Civil Rule 7, unless
both parties consent to an extended briefing schedule.

There shall be no more extensions of discovery absent exigent circumstances

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE